UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BURAY ENERGY INTERNATIONAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:11-cv-101-RLY-WGH |
| | ) | |
| PRISM CORPORATION and | ) | |
| JOSEPH LOFTIS, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendants Prism Corporation ("Prism") and Joseph Loftis ("Loftis") move to set aside the Clerk's Entry of Default entered on March 22, 2012, against Prism and April 19, 2012, against Loftis, pursuant to Rule 55 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is **GRANTED.**

**I. Background**

On August 22, 2011, Plaintiff, BuRay Energy International LLC, filed a breach of contract claim against Prism. Attorneys Phillip Fowler ("Fowler") and Casey Kannenberg ("Kannenberg") entered their appearance on behalf of Prism on September 26, 2011. Prism filed its Answer and Affirmative Defenses to the original Complaint on October 28, 2011. On December 7, 2011, the court granted Plaintiff's Unopposed Motion to Amend the Complaint, and Plaintiff filed its First Amended Complaint on January 9,

1

2012, adding Loftis as a defendant. The parties filed their Case Management Plan on January 10, 2012. (The Case Management Plan did not include Loftis, because he had not yet been served). On February 2, 2012, the parties filed a Joint Motion to Amend/Correct the Amended Complaint. The Second Amended Complaint was filed on February 13, 2012.

On February 27, 2012, Fowler and Kannenberg filed their Amended Motion for Leave to Withdraw their appearance for Prism, leaving Prism and Loftis unrepresented. Both Defendants sought to hire new counsel, but were unable to do so immediately. On March 14, 2012, Loftis, on behalf of himself and Prism, filed a Motion for Extension of Time to Answer Amended Complaint. The motion was granted as to Loftis, but denied as to Prism since Loftis could not legally represent the corporation. Despite this ruling, Loftis failed to file an Answer. On March 21, 2012, Plaintiff filed a Motion for Default as to Prism, which was entered on March 22, 2012. On April 18, 2012, Plaintiff filed a Motion for Default as to Loftis, which was entered on April 19, 2012. On April 30, 2012, Gary L. Miller and Tammy J. Meyer entered their appearances for Defendants.

## II. Discussion

A party seeking to vacate an entry of default before judgment has been entered must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). This Circuit favors a trial on the merits over default judgment, and thus, this test is applied quite liberally. *Id.* at 631.

### A. Good Cause for the Default

First, Defendants must show that they had good cause for their failure to timely file an answer to the Second Amended Complaint. *Cracco*, 559 F.3d at 631.

Defendants have asserted that they diligently sought legal representation upon their original attorneys' withdrawal. Defendants did not willfully ignore this suit or the Second Amended Complaint, as demonstrated by Prism's filing of a Case Management Plan and Loftis' attempt to file a motion for an extension of time to answer the Second Amended Complaint. Defendants' history with this litigation shows that they have been involved with this case from the beginning, and their failure to timely answer the Second Amended Complaint stemmed only from their failure to quickly replace the original counsel. Defendants have, therefore, demonstrated good cause for the default.

### B. Quick Action to Correct it

Second, Defendants must also show that they acted in a timely manner to have the default set aside. *Cracco*, 559 F.3d at 631. The relevant time period for determining whether Defendants acted in a timely manner is between March 22, 2012, for Prism (and April 19, 2012, for Loftis) when the respective default entries occurred, and May 8, 2012, when Defendants appeared before Magistrate Judge Hussmann and were granted additional time to move to set aside the entries of default.

As discussed above, the evidence reveals that Defendants were struggling with the loss of their original attorneys and were attempting to obtain new counsel. Defendants' new attorneys entered their appearance on April 30, 2012. Eight days later, on May 8,

2012, Defendants appeared before Magistrate Judge Hussmann seeking to challenge their respective default entries. Loftis' inaction amounted to 19 days, while Prism's inaction amounted to 48 days. While Prism's 48-day delay generally would not constitute quick action, *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (finding that a delay of five weeks did not constitute quick action), it was complicated by the fact that Loftis, acting pro se, unsuccessfully attempted to represent Prism (a corporation) in obtaining additional time to file an answer. The entirety of the additional delay in Prism moving to set aside the default beyond Loftis' delay is attributable to Prism being denied additional time to answer. Given that Loftis' delay of only 19 days does amount to quick action, and given the Seventh Circuit's liberal application of Rule 55 to favor resolution on the merits, the court concludes that Prism's delay of 48 days qualifies as quick action under these circumstances.

### C. Meritorious Defense to the Complaint

Finally, Defendants must establish that they have a meritorious defense to the Complaint. *Cracco*, 559 F.3d at 631. A meritorious defense is a defense that "at least raises a serious question regarding the propriety of a default and which is supported by a legal and factual basis." *Jones*, 39 F.3d at 165.

In this instance, Plaintiff alleges that Defendants breached certain agreements related to oil and natural gas leases. Defendants have at least asserted a meritorious defense in that Defendants argue that it was, in fact, Plaintiff who acted wrongfully in these oil and natural gas lease transactions. While Plaintiff calls into question Loftis'

credibility, the court's task is simply to determine if Defendants have at least *asserted* a meritorious defense, which they have.

### III. Conclusion

In this case, Defendants have established the requirements needed to set aside each Clerk's Entry of Default under Rule 55(c).  For the reasons outlined above, Defendants' Motion to Set Aside Entry of Default (Docket # 68) is **GRANTED.**  Because the Motion to Set Aside Entry of Default has been granted, Defendants' Motion for Leave to File Answer to Second Amended Complaint, Affirmative Defenses, and Counterclaim (Docket # 70) is also **GRANTED.**  Defendants are **ORDERED** to file their answer within ten (10) days of the date of this Entry.


**SO ORDERED** the 25th day of July 2012.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Mark E. Miller
Bowers Harrison, LLP
mem@bowersharrison.com

Tammy Jo Meyer
MILLER MEYER LLP
tmeyer@millermeyerllp.com

Gary Lee Miller
MILLER MEYER LLP
gmiller@millermeyerllp.com